**The PEOPLE of the State of Colorado, In the Interest of J.A.U., a Child,**

**Upon the Petition of the Jefferson County Department of Human Services and L.E.R., Petitioners–Appellees,**

**and**

**Concerning R.L.C., Respondent–Appellant.**

**No. 00CA1487.**

Colorado Court of Appeals, Div. I.

June 21, 2001.

Certiorari Granted Nov. 13, 2001.

Frank J. Hutfless, Jefferson County Attorney, Kathleen Curley, Assistant County Attorney, Golden, CO, for Petitioners–Appellees.

Dill Dill Carr Stonbraker & Hutchings, P.C., Sean A. Chase, Denver, for Respondent–Appellant.

Opinion by Judge ROY.

In this paternity proceeding, R.L.C. (father) appeals from an order denying his motion for genetic testing. We reverse and remand with directions.

In September 1988, L.E.R. (mother) filed a petition in paternity seeking an order declaring father the legal father of her unborn child. The child, J.A.U., was born in November 1988, and father, believing that he was the child's biological father, apparently admitted paternity in this action though there is no document signed by him to that effect. Thereafter, in January 1989, the trial court approved the parties' stipulation and order as to paternity, child support, and visitation.

In June 2000, father filed a motion for genetic testing pursuant to § 19–4–112, C.R.S.2000. The motion alleged that father had never met the child, that a recent photograph of the child displayed facial characteristics that cast doubt on his paternity, and that his acknowledgment of paternity was "based upon an erroneous assumption on his part, and that he, in fact, is not the father of the minor child." Father is not a presumed natural father pursuant to § 19–4–105(1), C.R.S.2000.

The trial court denied the motion without a hearing, finding that paternity had been legally established in January 1989 and that father had not challenged the order of paternity by a timely appeal or collateral attack. The trial court reasoned that, because the issue of paternity had been finally determined, § 19–4–112 did not apply.

Arguing that his motion for genetic testing placed paternity at issue, father contends that the trial court erred in denying the motion. We agree.

Section 19–4–112, provides that upon the motion of the court or any interested party to a paternity proceeding, genetic testing shall be ordered and the results received into evidence. The language of § 19–4–112 is mandatory. *See N.A.H. v. S.L.S.*, 9 P.3d 354 (Colo.2000).

■ Section 19–4–105(2)(c), C.R.S.2000, provides that a legal determination of paternity may be challenged on the basis of fraud, duress, or mistake of material fact, with the burden of proof upon the challenger. *See People in Interest of L.J.P.*, 2 P.3d 140 (Colo. App.2000). Section 19–4–105(2)(c), which does not limit the time in which to challenge a legal determination of paternity, is unlike § 19–4–107(1)(b), which limits the time in which to bring a proceeding to declare the nonexistence of the presumed father and child relationship, and also differs from C.R.C.P. 60(b) which limits the time in which one can challenge a judgment.

■ Thus, father's motion for genetic testing, which alleged, in essence, that the determination of paternity was based upon a mistake of material fact, was timely and placed the finding of paternity at issue. *See* § 19–4–105(2), C.R.S.2000. Accordingly, the trial court erred in denying father's request for genetic testing. *See* § 19–4–112; *N.A.H. v. S.L.S., supra.*

The order is reversed, and the case is remanded with directions that an order for genetic testing be entered.

Judge METZGER and Judge DAVIDSON concur.